UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SAXON MORTGAGE SERVICES, INC. AS SERVICER FOR JP MORGAN CHASE BANK, AS TRUSTEE AND CUSTODIAN<br>　　　Plaintiff,<br><br>v.<br><br>U.S. BANK, N.A., AS TRUSTEE, NEW CENTURY HOME EQUITY LOAN TRUST, SERIES 2000-NCB, INTERNAL REVENUE SERVICE, BANK OF AMERICA, N.A., RICHARD FEDERICO, JR.<br>　　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION No. 07-11932 |

## AFFIDAVIT OF LAKEITRA WEBB

I, LaKeitra Webb, hereby states the following upon oath, based upon my own personal knowledge and a review of the records of Countrywide Home Loans, Inc. ("Countrywide") made and kept in the ordinary course of business, that:

1. I am currently employed as a case management litigation liaison for Countrywide.

2. As part of my duties as litigation liaison, I am responsible for maintaining and keeping records of loans and mortgages that are currently the subject of litigation.

3. On May 12, 2000, the Borrower, Richard Federico, Jr. ("Borrower") executed a note ("Note") in favor of New Century Mortgage Corporation in the amount of $260,000.00.

4. The Note was secured by a mortgage to New Century Mortgage Corporation ("New Century Unit 2 Mortgage") on property known as Unit 2 of 21-23 Lexington Street, Weston, Massachusetts ("Property").

5. Countrywide is the present holder by assignment of the New Century Unit 2 Mortgage.

6. In connection with the closing of the New Century Unit 2 Mortgage, $191,613.83 was disbursed to Meritech Mortgage Services, Inc. (the former name of Saxon Mortgage, Inc.).

7. The records indicate that these funds were disbursed in order to payoff the mortgage held by Saxon Mortgage, Inc in the amount of $189,000.00 ("Saxon Unit 2 Mortgage") secured by Unit 2 of the Property.

8. Upon information and belief, the $191,613.83 disbursed funds was the entire balance of the Saxon Unit 2 Mortgage.

9. By paying off the Saxon Unit 2 Mortgage, New Century and its assigns, including Countrywide, intended to be in the lender with a priority mortgage on Unit 2 of the Property.

10. Countrywide believed the New Century Unit 2 Mortgage to be in first priority position with respect to Unit 2 of the Property at the time of the assignment of the New Century Unit 2 Mortgage. Neither the original mortgage loan nor the assignment to Countrywide would have taken place if New Century or Countrywide had known that Saxon had an outstanding second mortgage on Unit 2 unless provision was made for the discharge of that second mortgage.

Signed this 7 day of November 2008, under the pains and penalties of perjury.

date 11-7-2008

*[Signature]*

KATIE TURPIN
Notary Public, State of Texas
My Commission Expires
JAN. 24, 2010

_____
LaKeitra Webb