UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAXON MORTGAGE SERVICES, INC., AS SERVICER FOR JP MORGAN CHASE BANK, AS TRUSTEE AND CUSTODIAN, Plaintiff, v. U.S. BANK, N.A., AS TRUSTEE, NEW CENTURY HOME EQUITY LOAN TRUST, SERIES 2000-NCB, INTERNAL REVENUE SERVICE, BANK OF AMERICA, N.A., RICHARD FEDERICO, JR., Defendants. | CIVIL ACTION NO: 07-11932 |

## PLAINTIFF AND DEFENDANT-IN-COUNTERCLAIM SAXON MORTGAGE SERVICES, INC.'S MOTION TO STRIKE PORTIONS OF THE AFFIDAVIT OF LAKEITRA WEBB

Plaintiff and Defendant-in-Counterclaim, Saxon Mortgage Services, Inc. as servicer for JP Morgan Chase Bank, as Trustee and Custodian ("Saxon") respectfully moves, pursuant to Fed. R. Civ. P. 56(e), to strike portions of the Affidavit of LaKeitra Webb, which is attached the Cross-Motion for Summary Judgment of Countrywide Home Loans, Inc. As grounds, states the following:

1.      In support of Countrywide's opposition to Saxon's motion for summary judgment and Countrywide's cross-motion for summary judgment, it tenders the affidavit of Lakeitra Webb. (attached hereto)

2.      Ms. Webb represents that she is employed by Countrywide as a "case management liaison."

{00180991.DOC}

3.      In paragraph 9 of her affidavit, Ms. Webb states the following:

"By paying off the Saxon Unit 2 Mortgage, New Century and its assigns, including Countrywide, intended to be in the lender with a priority a priority mortgage on Unit 2 of the Property"

4.      In paragraph 10 of her affidavit, Ms. Webb states the following:

"Countrywide believed the New Century Unit 2 Mortgage to be in first priority with respect to Unit 2 of the Property at the time of the assignment of the New Century Unit 2 Mortgage. Neither the original mortgage loan nor the assignment to Countrywide would have taken place if New Century or Countrywide had known that Saxon had an outstanding second mortgage on Unit 2 unless provision was made for the discharge of that second mortgage."

5.      Paragraphs 9 and 10 of the affidavit violate Rule 56(e) of the Federal Rules of Civil Procedure in that they are statements not made on personal knowledge, made by a witness who is not competent to testify as to the matters asserted, and would not be admissible at trial. As Countrywide was not involved with the 2000 New Century Unit 2 Mortgage closing, no current employee of Countrywide has personal knowledge of the intent of New Century in making the loan, or what New Century would have done if the facts were different from what they were. Indeed, Countrywide had no ownership interest in the New Century Unit 2 Mortgage until November 2007, when it was assigned the mortgage. Further, there is no threshold showing as to why Ms. Webb could possibly have personal knowledge of the events described in paragraphs 9 and 10 of her affidavit.

WHEREFORE, Saxon respectfully requests that the court strike paragraphs 9 and 10 of the Affidavit of LaKeitra Webb.

Respectfully submitted,

**SAXON MORTGAGE SERVICES,
INC., as servicer for JPMorgan Chase
Bank as Trustee and Custodian**

By its attorneys,

_/s/ Christopher J. DeCosta_

Christopher J. DeCosta, Esq. –
BBO#657527
Paul Michienzie, Esq. – BBO#548701
Michienzie & Sawin LLC
745 Boylston Street, 5th Floor
Boston, MA 02116
Tel. 617-227-5660

Dated: December 17, 2008

## CERTIFICATE OF SERVICE

I, Christopher J. DeCosta, attorney for Plaintiff Saxon Mortgage Services, Inc., as Servicer for JP Morgan Chase Bank as Trustee and Custodian hereby certify that I have on this 17th day of December 2008 served a copy of the foregoing Motion to Strike via ECF and mailing a copy of same, postage prepaid, or electronic filing to the following:

Lauren Solar, Esq.
Thomas Looney, Esq.
Bartlett Heckett Feinberg, P.C.
155 Federal Street
Boston, MA 02110

Richard Federico, Jr.
22 Walden Drive
Natick, MA 01760


_/s/ Christopher J. DeCosta_
Christopher J. DeCosta

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAXON MORTGAGE SERVICES,<br>INC. AS SERVICER FOR JP<br>MORGAN CHASE BANK, AS<br>TRUSTEE AND CUSTODIAN<br>    Plaintiff,<br><br>v.<br><br>U.S. BANK, N.A., AS TRUSTEE,<br>NEW CENTURY HOME EQUITY<br>LOAN TRUST, SERIES 2000-NCB,<br>INTERNAL REVENUE SERVICE,<br>BANK OF AMERICA, N.A.,<br>RICHARD FEDERICO, JR.<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     **CIVIL ACTION No. 07-11932** |

### AFFIDAVIT OF LAKEITRA WEBB

I, LaKeitra Webb, hereby states the following upon oath, based upon my own

personal knowledge and a review of the records of Countrywide Home Loans, Inc.

("Countrywide") made and kept in the ordinary course of business, that:

1.     I am currently employed as a case management litigation liaison for Countrywide.

2.     As part of my duties as litigation liaison, I am responsible for maintaining and

keeping records of loans and mortgages that are currently the subject of litigation.

3.     On May 12, 2000, the Borrower, Richard Federico, Jr. ("Borrower") executed a

note ("Note") in favor of New Century Mortgage Corporation in the amount of

$260,000.00.

4.    The Note was secured by a mortgage to New Century Mortgage Corporation ("New Century Unit 2 Mortgage") on property known as Unit 2 of 21-23 Lexington Street, Weston, Massachusetts ("Property").

5.    Countrywide is the present holder by assignment of the New Century Unit 2 Mortgage.

6.    In connection with the closing of the New Century Unit 2 Mortgage, $191,613.83 was disbursed to Meritech Mortgage Services, Inc. (the former name of Saxon Mortgage, Inc.).

7.    The records indicate that these funds were disbursed in order to payoff the mortgage held by Saxon Mortgage, Inc in the amount of $189,000.00 ("Saxon Unit 2 Mortgage") secured by Unit 2 of the Property.

8.    Upon information and belief, the $191,613.83 disbursed funds was the entire balance of the Saxon Unit 2 Mortgage.

9.    By paying off the Saxon Unit 2 Mortgage, New Century and its assigns, including Countrywide, intended to be in the lender with a priority mortgage on Unit 2 of the Property.

10.    Countrywide believed the New Century Unit 2 Mortgage to be in first priority position with respect to Unit 2 of the Property at the time of the assignment of the New Century Unit 2 Mortgage. Neither the original mortgage loan nor the assignment to Countrywide would have taken place if New Century or Countrywide had known that Saxon had an outstanding second mortgage on Unit 2 unless provision was made for the discharge of that second mortgage.

Signed this 7 day of November 2008, under the pains and penalties of perjury.

date  11-7-2008

KATIE TURPIN
Notary Public, State of Texas
My Commission Expires
JAN. 24, 2010

LaKeitra Webb